I agree with the Court's holding and its rationale as to the individual, Officer Sands; I respectfully dissent as to its holding with respect to the City of Birmingham.
I recognize, of course, as pointed out by the majority, that, "in light of City of Newport," strict application of "the Alabama wrongful death statute will in effect preclude plaintiff's `recovery' from the City of Birmingham" under § 1983. But I do not agree that the States are exempt from § 1983's mandate on the ground that state law "recognizes an analogous cause of action."
Under this rationale, we could reject all § 1983 actions. Just as our wrongful death act affords a state remedy where death results from conduct proscribed by § 1983, our statutory law and common law affords certain remedies for personal injury resulting from the same culpable conduct. But this does not serve as a basis for rejection of § 1983 actions. In my opinion, the Supremacy Clause of the United States Constitution precludes our rejection of the § 1983 claim against the City. We should either fashion a remedy allowing recovery of compensatory damages, or we should resort to the federal common law of survival, *Page 381 
which allows compensatory damages as the appropriate relief. In any event, I would reverse the trial court's summary judgment as to both the individual defendant and the City of Birmingham.